' By the Court.—Sedgwick, Ch. J.
In my judgment the papers on which the order for examination was made, did not show what, under the Code, it is necessary to show to support such an order.
Under séction 872 Code Civil Procedure the affidavit must set forth the nature of the defence. This implies that a defence exists to the knowledge or information of the defendant, but that by reason of his ignorance of sufficient particulars he is not able to plead it properly. It is not possible, truly, to set forth the nature of a defence when it is not known or upon some information believed that there is a defence.
The affidavit contains the following : “ The nature of the defence which the defendant has and intends to set up is a defence of justification by pleading and proving that the plaintiff did attempt to take from the possession of several owners of property, and to obtain from such possession by color and aid of fraudulent and false representations or pretences, the sum of $5 from each of them. I verily believe that in order to entitle the defendant to prove its defence of justification, as aforesaid, it is necessary that it should plead the same particularly in its answer and should state particularly the names of the persons who were swindled by the said Roberts, as aforesaid, the representations which Roberts made to induce them severally to part with their property, and the particulars wherein said representations were false, together with the names of the persons who conspired with said Roberts to commit said *530 crime of petty larceny. None of these' things are known to me or to the defendant, and the defendant has no means of ascertaining the same, except from the examination of the plaintiff before answer.”
This admits that the defendant does hot know whether the representations were false. Yet, that is an essential matter. If the defendant has no information as to the falsity of the pretences, he can have no belief that there is a defence. The form of the affidavit is, that he has no means of ascertaining “ the particulars wherein said representations were false;” obviously there can be no knowledge of or information that the representations were false in general. Any knowledge or information on that subject must relate to particulars.
The whole of the affidavit, taken together, shows that the defendant does not know and is not informed in general or particular that pretences were made or what was their nature.
The substance of the matter is, that the. defendant is ignorant of the existence of a defence. Its nature, therefore, cannot be set out. If, through the examination of the plaintiff, he could learn certain things, then for the first he would be able, sufficiently, to say what the nature of the defence was. At present he cannot presume that that examination will show that he has a defence, the nature of which he can now competently set out.
It is also true, for like reasons, that it does not appear that the examination of the plaintiff is necessary to the defendant’sframing an answer. It is not necessary until it is first assumed that there is some defence in fact, as to which the plaintiff can give the particulars necessary to be known for the purposes of pleading.
It does not seem that the section in question was passed for the purpose of enabling a defendant to ascertain whether or not he had a defence, when at *531 the time he cannot affirm that one exists according to his knowledge or information.
The granting of such an order was, in my opinion, within the discretion of the court. Section 873 declares, that “where the person to be examined is a party to a pending action, the order may, in the discretion of the judge, designate and limit the particular matters as to which he shall be examined.” This describes the duty of the judge to exclude from the examination, certain matters in his discretion. As the exclusion must necessarily be based upon the opinion of the judge as to the nature of the matter excluded, rather than upon the nature of the matter permitted, I am of opinion that the judge may properly refuse to allow any examination where the whole of it is intended to be directed to matters which the judge would exclude in a case where he might allow examination as to some matters.
Where all the matters aimed at by the proposed order are, as in the present case, such as would call for an examination as to the commission of a crime, or as to something that is a link in the chain of the proof of a commission of a crime, the judge should set aside the order, under the discretion given to him, on the application of the party.
This would be in analogy to the rule upon heaping a demurrer to a bill in chancery for the discovery of testimony. If the bill disclosed that the interrogations contained in it would call for evidence tending to convict the defendant of crime, the demurrer was sustained. The right that the defendant had to be privileged from answering such questions was accorded to him then. It was not postponed to the time of answering to see whether or not he should claim his privilege in the answer.
I further think that, apart from the particular clause that has just been referred to, it is in every such case within the discretion of the court to set *532 aside an order of this kind, and for the reason that such an examination will not produce a result beneficial to the party. Hardly anything can be more improbable, when it is foreseen with certainty that the plaintiff may exercise a right to refuse to answer, and especially when he sets up his right a short time before the examination is to take place that the plaintiff would waive that right and prove for the benefit of the defendant that lie has committed a crime. The counsel and the judge know that an examination would be useless and in vain. I am sure that actual experience confirms that.
The order should be affirmed with $10 costs.
Freedman and Ingraham, JJ., concurred.